Defendant-appellant Richard L. Kiser appeals the November 18, 1998 Judgment Entry of the Tuscarawas County Court of Common Pleas overruling his motion to withdraw his guilty plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 5, 1996, the Tuscarawas County Grand Jury indicted appellant on one count of burglary, in violation of R.C.2911.12(A)(1)[1], and one count of aggravated burglary, in violation of R.C. 2911.11(A)(3).[2] The activities giving rise to the indictment occurred on May 21, 1996.
At his arraignment on July 16, 1996, appellant entered pleas of not guilty to the charges. The trial court appointed the Joint County Public Defender Office to represent appellant. Attorney Gerald Latanich was assigned to appellant's case.
On August 1, 1996, appellant filed a Motion for Competency of Defendant. Via Judgment Entry dated August 27, 1996, the trial court granted appellant's motion and ordered competency and sanity evaluations be conducted by the Forensic Diagnostic Center of District Nine, Inc., Byesville, Ohio. On September 11, 1996, appellant filed a Motion to Suppress. Via Judgment Entry dated October 18, 1996, the trial court ordered the hearing on the motion to suppress be continued until after appellant's competency and sanity evaluations were completed. On September 26, 1996, appellant entered a written plea of not guilty by reason of insanity. Upon receipt of the competency and sanity evaluation reports, the trial court scheduled a hearing for November 18, 1996.
On November 18, 1996, prior to the commencement of the hearing, the trial court met with Attorney Latanich and appellee. During the in-chambers conference, Attorney Latanich requested the trial court reconsider the sentences it had previously conveyed it intended to impose upon appellant if adjudicated guilty of the offenses. The trial court found defense counsel's arguments persuasive and promised to impose concurrent sentences of five to twenty-five years on the aggravated burglary count, and three to fifteen years on the burglary count.[3] After discussions with his attorney, appellant agreed to withdraw his motion for competency determination and his plea of not guilty by reason of insanity, and enter a plea of guilty to the indictment. Thereafter, the trial court discussed its sentencing intentions with appellant and inquired of appellant whether he understood the rights he was giving up by pleading guilty. The trial court accepted appellant's guilty pleas and sentenced him accordingly.
On February 28, 1997, appellant filed a pro se motion to withdraw his guilty plea pursuant to Crim. R. 32.1. Via Judgment Entry dated March 12, 1997, the trial court overruled appellant's motion. Subsequently, on June 9, 1997, appellant filed a pro se motion for super shock probation pursuant to R.C. 2947.061, which the trial court denied via Judgment Entry dated June 25, 1997. Also on June 9, 1997, appellant filed a pro se notice of delayed appeal. Via Judgment Entry dated September 12, 1997, this Court granted appellant leave to file a delayed appeal. This judgment entry ordered the trial court to appoint counsel for appellant. Via Judgment Entry dated September 23, 1997, the trial court appointed Attorney Robert B. Hines to represent appellant.
Appellant's delayed appeal was assigned Case No. 97AP070051. In his brief to this Court, appellant asserted three assignments of error. Attached to his notice of delayed appeal, appellant also filed a pro se merit brief, which raised two additional assignments or error. Via Opinion and Judgment Entry dated September 24, 1998, this Court reversed and remanded the matter for an evidentiary hearing on appellant's Crim. R. 32.1 motion filed February 28, 1997, finding appellant had submitted an evidentiary document which contained sufficient operative facts to demonstrate his guilty plea may have been induced by the false promise of his attorney. In light of our decision to reverse and remand the case, this Court did not address appellant's pro se assignments of error relative to the voluntariness of his plea and the trial court's alleged participation in plea negotiations.
Pursuant to our Opinion and Judgment Entry, the trial court conducted an evidentiary hearing on November 13, 1998. Via Judgment Entry dated November 18, 1998, the trial court overruled appellant's motion to withdraw his guilty plea. On December 3, 1998, appellant filed a motion asking this Court to consider his pro se assignments of error. This Court denied the request, finding such assignments of error should be raised through an appeal of the trial court's November 18, 1998 Judgment Entry. On December 31, 1998, appellant filed a notice of appeal.
Appellant raises the following as his sole assignment of error:
 THE TRIAL COURT ERRED IN NOT GRANTING THE MOTION TO WITHDRAW GUILTY PLEA WHEN IT FAILED TO RECOGNIZE THAT ITS PARTICIPATION IN THE PLEA NEGOTIATIONS RESULTED IN THE DEFENDANT'S COERCED GUILTY PLEA.
Pursuant to App. R. 3(A) and (4), a party is required to file his notice of appeal with the clerk of the trial court within thirty days of the entry of judgment from which he is appealing. In the instant action, the trial court's judgment entry was filed November 18, 1998. Appellant filed his notice of appeal on December 31, 1998, forty-three days after the filing of the judgment entry. Appellant's filing of his motion on December 3, 1998, requesting this Court to review hispro se assignments of error, did not toll the time period for filing his notice of appeal. Appellant did not seek leave to file a delayed appeal. Because appellant failed to timely perfect his appeal, we must dismiss this case for lack of jurisdiction.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur.
-------------------------
-------------------------
 ------------------------- JUDGES
For the reason stated in our accompanying Memorandum-Opinion, this appeal is dismissed for lack of jurisdiction. Costs to appellant.
-------------------------
-------------------------
 ------------------------- JUDGES
[1] An aggravated felony of the second degree.
[2] An aggravated felony of the first degree.
[3] The court had previously conveyed its intention to run the terms consecutively.